IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ISAAC WILSON, JR.                                                              PLAINTIFF
ADC #79592

V.                                        5:14CV00248 SWW/PSH

ARKANSAS DEPARTMENT
OF CORRECTION *et al*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Susan W. Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Charles Isaac Wilson, Jr. ("Wilson"), an inmate who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on June 23, 2014, and an amended complaint on July 25, 2014, challenging the conditions of his confinement at the ADC's Cummins Unit. Defendants are ADC Director Wendy Kelley and State Fire Marshal Lindsey Williams ("Kelley" and "Williams").[1] Kelley filed a motion for

---

[1] Wilson originally named Ray Hobbs as a defendant, who was the ADC Director at the time the complaint was filed. On May 19, 2015, the Court entered an order directing the Clerk to

1

summary judgment, a statement of facts, and a brief in support, on September 29, 2015 (Doc. Nos. 70-72). Wilson filed a response to the motion and factual statement, along with a brief, on October 19, 2015 (Doc. Nos. 73-75). On December 31, 2015, Williams filed a motion for summary judgment, a statement of facts, and a brief in support (Doc. Nos. 80-82). Wilson filed a response and statement of facts on January 11, 2016 (Doc. Nos. 84-85).

## I. Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary

---

substitute Kelley for Hobbs as a defendant because Kelley had been appointed the new ADC Director (Doc. No. 60).

judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## II. Analysis

According to Wilson's complaint, the barracks at the Cummins unit are overcrowded to the extent the conditions rise to the level of a constitutional violation, and are in violation of state and federal law. Kelley and Williams assert that Wilson failed to exhaust his available administrative remedies as to any claim against them, and that he was not subjected to unconstitutional conditions of confinement. They also argue that Wilson's claims are moot because he no longer resides at the Cummins Unit. For the reasons set forth below, the Court finds that Wilson exhausted his available remedies, and that his claims are moot.

<u>Exhaustion</u>

The Court must first consider Kelley and Williams' argument that Wilson failed to exhaust his administrative remedies because he failed to name either of them in an exhausted grievance before he filed this lawsuit. The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted

administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924. ADC grievance policy states that a grieving inmate should write a brief statement regarding the substance of the complaint, including the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form. (Doc. No. 70-1, at 2).

Wilson filed two grievances relating to his claims that the barracks were overcrowded: CU-11-02256 and CU-14-00604. (Doc. Nos. 70-3 and 70-4). Neither then-ADC Director Hobbs nor Williams was named in either grievance. In fact, no individual was named in either grievance. Despite Wilson's failure to name Hobbs or Williams in his grievances, the ADC investigated both and decided them on the merits. In *Daniels v. Hubbard*, No. 5:14CV00360-BSM, 2015 WL 9222627 (E. D. Ark. December 17, 2015), a similar situation was considered by Chief Judge Brian S. Miller. Judge Miller's analysis is instructive:

> Hubbard moved for summary judgment for a lack of exhaustion...because Daniels did not identify her in his grievances, which ADC policy requires.
>
> On the one hand, compliance with prison grievance procedures determines whether exhaustion occurs. *Jones*, 549 U.S. at 219; *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The level of detail necessary in a grievance is part of that prison procedure. *Jones*, 549 U.S. at 218. Surely, however, this mandate has an outer limit, especially when a prison investigates the grievance and decides it on the merits despite the procedural flaw. When a deficient grievance did not burden the prison from addressing the grievance, one must question whether exhaustion actually occurred despite that irregularity.
>
> The Eighth Circuit recognizes that PLRA exhaustion is not per se inadequate merely because a later sued defendant was not named in an ADC grievance. *Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. 2012)(per curiam)(unpublished). Indeed, the cases in which the failure to name a defendant requires dismissal are those cases in which the failure to name the defendant in a grievance prevented the ADC from investigating the grievance on the merits. For example, in *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014),

> dismissal was appropriate because the inmate named one officer who pepper sprayed him, but did not name another officer who refused to let him wash the pepper spray out of his eyes. Under those circumstances, the ADC only investigated the pepper spraying because that was the only complaint in the grievance. *Id.* at 1141-42. The ADC acknowledges the link between detailed grievances and its ability to investigate in its administrative directive: "Grievances must specifically name each individual involved *for a proper investigation and response to be completed by ADC*." Doc. No. 46, Ex. A at 4 (emphasis added).

*Id.* Based on the specific facts of that case, Judge Miller noted that plaintiff's failure to name the defendant in the grievance did not prevent the ADC from investigating it on the merits, adding, "[t]he ADC cannot now resurrect a flaw in the grievance procedure after deciding the grievance on the merits." *Id.* (citing *Whatley v. Warden*, 802 F.3d 1205, 1215 (11th Cir. 2015)). *See also Carrillo v. Kelley*, No. 1:15CV00113-JLH, 2016 WL 1050268 (E.D. Ark. March 16, 2016).

In this case, rather than dismiss Wilson's grievances for failure to follow policy, the ADC investigated and responded to both (docket entries 70-3 & 70-4). There is no indication in the record that Wilson's failure to name Hobbs and Williams prevented the ADC from adequately investigating the grievances. Wilson filed this action only after he pursued the prison grievance process to its final stage. The Court finds that Wilson properly exhausted his grievances, and Kelley and Williams are not entitled to summary judgment on that issue.

Mootness

Kelley and Williams assert Wilson's claims are moot because he no longer resides at the Cummins Unit. Wilson filed a notice on May 4, 2015 that his current address (at the Cummins Unit) had changed to a new address, and asking the Clerk to "forward correspondence accordingly." (Doc. No. 57). Wilson's new address is at the East Arkansas Maximum Unit in Brickeys, Arkansas. In *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985), the plaintiff inmate sought injunctive and

declaratory relief related to conditions at the Cummins Unit. Plaintiff was moved to the Wrightsville Unit while the case was pending. The Eighth Circuit found that the claims for injunctive and declaratory relief were moot because the plaintiff was no longer subject to the claimed conditions. *Martin*, 780 F.2d at 1337 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again...")). The same analysis applies here. Wilson seeks injunctive and declaratory relief related to the conditions of confinement at the Cummins Unit. Because he is no longer there, he is no longer subject to the complained-of conditions at that unit. *See Martin, supra; Gladson v. Iowa Dept. Of Corrections*, 551 F.3d 825, 835 (8th Cir. 2009).

Wilson's transfer to another unit would not have rendered moot a claim for monetary relief. *Martin,* 780 F.2d at 1337. However, Wilson does not seek such relief (Doc. No. 1, at 12-13; Doc. No. 7, at 23-24; Doc. No. 75, at 8). The Court finds that Wilson's claims are therefore moot because he no longer is housed at the Cummins Unit and subject to the conditions there about which he complains. Based on this finding, the Court finds it unnecessary to consider the remaining arguments Kelley and Williams make in support of their motions for summary judgment

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motions for summary judgment (Doc. Nos. 70 & 80) be GRANTED on the issue of mootness, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good

faith.

DATED this 30th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE